[Cite as *State v. Kingsley*, 2016-Ohio-592.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 103055

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## KENNETH D. KINGSLEY

DEFENDANT-APPELLANT

### JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-590907-A

**BEFORE:**   Stewart, J., E.A. Gallagher, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:**   February 18, 2016

**ATTORNEY FOR APPELLANT**

James J. Hofelich
614 W. Superior Avenue, Suite 1310
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

John D. Kirkland
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

MELODY J. STEWART, J.:

{¶1} Defendant-appellant Kenneth Kingsley pleaded guilty to a single count of attempted felonious assault, a third-degree felony. In anticipation of sentencing, the court referred Kingsley to the court psychiatric clinic for a report on the "psychiatric factors in the crime" for purposes of mitigation of sentence. At sentencing, defense counsel noted that the psychiatric clinic did not prepare a report as instructed, but told the court that the probation department referenced Kingsley's mental health and substance abuse issues in a "very detailed" presentence investigation report. The court told counsel that it did not believe that a psychiatric clinic evaluation would contain more detail than the presentence investigation report. Defense counsel agreed and assented to going forward with sentencing. The court sentenced Kingsley to a maximum term of 36 months in prison. Kingsley's sole assignment of error on appeal is that defense counsel was ineffective for waiving a psychiatric clinic report.

{¶2} A defendant claiming ineffective assistance of counsel bears the burden of establishing two elements: (1) that trial counsel's performance fell below objective standards for reasonably effective representation, and (2) that counsel's deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶3} To satisfy the first element of the *Strickland* test, appellant must direct the court to specific acts or omissions by his counsel. *Id*. at 690. We consider whether, in light of all the circumstances, counsel's performance was outside the wide range of professionally competent assistance. *Id*. Our assessment of counsel's performance is "highly deferential" so we indulge in "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *." *Id*. at 689.

{¶4} To satisfy the second *Strickland* element, the defendant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. *Id*. at 694. A "reasonable probability" is defined as one that is "sufficient to undermine confidence in an outcome." *Id*.

{¶5} Because the test for ineffective assistance of counsel requires the defendant to establish both elements of the *Strickland* test, *State v. Santana*, 90 Ohio St.3d 513, 515, 2001-Ohio-7, 739 N.E.2d 798, we can decide this appeal based on Kingsley's failure to establish that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different.

{¶6} Kingsley's argument on appeal is that had the court's psychiatric clinic prepared a report as ordered, the report would have documented his current mental health status (as opposed to his past mental history detailed in the presentence investigation report) and he would not have received the maximum sentence on a third-degree felony. Not only is that conclusion pure speculation, it is not based on any facts in the record — without knowing what the psychiatric clinic had to say about his current mental health, Kingsley has no basis for arguing that he would have received a lighter sentence had a report been prepared.

{¶7} What is more, nothing in the record proves that Kingsley had mental health issues at the time of sentencing that would have moved the court to leniency. Defense counsel told the court Kingsley was not receiving mental health services at the time of this offense. And while the presentence investigation report documented Kingsley's assertion that he had been diagnosed with bipolar disorder, depression, and attention deficit hyperactive disorder, the presentence investigation report showed that Kingsley last received treatment for mental health issues approximately seven years ago.

**{¶8}** Apart from the record failing to show that Kingsley suffered from mental health issues that would have mitigated his sentence, the record shows that the length of sentence was a product of an extensive criminal history and pervasive substance abuse. Kingsley's record was heavy with domestic violence and disorderly conduct, with one of the domestic violence convictions involving a pregnant woman. The court found that the victim of the offense for which Kingsley pleaded guilty in the current case suffered serious physical and psychological harm as a result of his offense. The court also found that Kingsley committed his offenses while on community control. With these factors before it, the court stated:

> it looks as though no judge has ever given this defendant a sentence, to teach him there are ramifications for negative behavior. Almost every judge he's been in front of put him on probation, let him violate the probation, and then gave him a nominal jail sentence. That's going to change here today.

**{¶9}** While it is true that Kingsley had never received a prison term, there is no basis in the record to conclude that Kingsley would have received a lighter sentence had defense counsel not waived a report in mitigation. The assignment of error is overruled.

**{¶10}** Judgment affirmed.

It is ordered that appellee recover of said appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

EILEEN A. GALLAGHER, P.J., and
TIM McCORMACK, J., CONCUR