[Cite as *State v. Rogers*, 2017-Ohio-7719.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 105130

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JEWEL L. ROGERS

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-16-606852-A and CR-16-608196-A

**BEFORE:** Celebrezze, J., Laster Mays, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** September 21, 2017

**ATTORNEYS FOR APPELLANT**

Mark Stanton
Cuyahoga County Public Defender
By:     Noelle A. Powell
Assistant Public Defender
Courthouse Square, Suite 200
310 Lakeside Avenue
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:    Owen M. Patton
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

{¶1} Appellant, Jewel L. Rogers, appeals from his convictions in two criminal cases. He alleges that trial counsel was ineffective for failing to request a mitigation report. After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

{¶2} In late May 2016, appellant broke into several cars and stole items. He was found in possession of several of those items and was arrested and charged in Cuyahoga C.P. No. CR-16-606852-A with multiple counts of breaking and entering, petty theft, criminal damaging, and possessing criminal tools. As part of a plea agreement, appellant pled guilty to amended charges of petty theft, a first-degree misdemeanor violation of R.C. 2913.02(A)(1); criminal damaging, a second-degree misdemeanor violation of R.C. 2909.06(A)(1); and possession of criminal tools, a fifth-degree felony violation of R.C. 2923.24. Several other charges were dismissed.

{¶3} Appellant was released on bond pending sentencing. While out on bond, appellant was again arrested and charged with several counts, including receiving stolen property and drug possession in Cuyahoga C.P. No. CR-16-608196-A. As part of a plea agreement, appellant pled guilty to one count of drug possession, a fifth-degree felony violation of R.C. 2925.11(A); and one count of drug possession, a first-degree misdemeanor violation of R.C. 2925.11(A). The other charges were dismissed.

{¶4} At a combined sentencing hearing, the trial court heard from the state, a few of the victims through victim impact statements, appellant's attorney, and appellant.

After reciting a small portion of appellant's criminal history, which occupies almost 12 pages of the presentence investigation report ("PSI"), the trial court recognized that appellant was a career criminal with criminal convictions beginning in the 1980s and continuing through all portions of his life since that time. In CR-16-606852-A, the trial court imposed a 12-month prison sentence for possessing criminal tools, to be served concurrently to sentences of time served for petty theft and criminal damaging. In CR-16-608196-A, the trial court imposed a 12-month sentence for possessing drugs, to be served concurrently to time served for the misdemeanor possessing drugs count. The court ordered the sentences in the two cases to run consecutive to each other for a total sentence of 24 months.

{¶5} Appellant then filed the instant appeal assigning one error for review:

[Appellant] was denied effective assistance of counsel when defense counsel failed to request a mitigation report even though [appellant's] presentence investigation report established a history of psychiatric hospitalization.

## II. Law and Analysis

{¶6} Appellant claims counsel was ineffective for failing to request a mitigation report in light of the fact that appellant's PSI indicated that appellant had some prior history of hospitalization for mental health treatment in 2006.

{¶7} To establish ineffective assistance of counsel, an appellant must show that counsel's performance was constitutionally deficient, i.e., performance falling below an objective standard of reasonable representation, and that without this deficient performance there is a reasonable probability that there would have been a different result

below. *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. However, attorneys enjoy a strong presumption that their reasonable strategic and tactical decisions fall within the wide range of reasonable professional assistance, and are well within the range of professionally reasonable judgment. *Strickland* at 699.

{¶8} In order for appellant to prevail on his claim, he must demonstrate that there is a reasonable probability of a different result. Here, appellant cannot meet that burden. Appellant's violation of the court's supervised release by committing further crimes all but assured appellant's sentence.

{¶9} To support his argument, appellant only points to a response in the PSI that appellant gave to a question regarding mental health treatment. When asked about prior treatment for mental illness, appellant stated that he was hospitalized in 2006, but he did not remember what for. He further stated that he was in an inpatient drug treatment program the same year.

{¶10} In the 22 other criminal cases that resulted in convictions between his alleged hospitalization in 2006 to 2016, there were no other indications in the PSI that appellant received treatment for mental illness or that a mental health evaluation was necessary. Appellant admitted that his problems were the result of alcohol and drugs. Appellant's trial attorney highlighted the need for drug treatment rather than incarceration, which has failed to deter appellant from committing crimes. There were

no indications throughout the proceedings that appellant was having difficulty understanding anything or that he displayed symptoms of a mental illness. In the record before this court, there is no support for the proposition that appellant suffered from a present mental health condition that would have alerted appellant's counsel to seek a mitigation report.

{¶11} Addressing a similar claim, this court held that where there was no evidence in the record warranting the request of a mitigation report for mental health issues, counsel is not constitutionally ineffective for failing to request one. *State v. Jordan*, 8th Dist. Cuyahoga No. 103813, 2016-Ohio-5709, ¶ 38-39. Even where a trial court ordered a mitigation report, but one was not completed, this court held that there was no basis to conclude that trial counsel was ineffective because there was nothing in the record to support a conclusion that a mitigation report would have impacted sentencing. *State v. Kingsley*, 8th Dist. Cuyahoga No. 103055, 2016-Ohio-592, ¶ 7.

{¶12} Similarly, there is nothing in the record before this court to support appellant's argument that he suffered from a mental health condition at the time of sentencing that would have engendered some degree of leniency from the trial court. Appellant's sole assignment of error is overruled.

### III. Conclusion

{¶13} Appellant cannot show that the record in this case demonstrates that counsel was ineffective for failing to request a mitigation report. The evidence in the PSI that appellant relies on is from 2006, and there are no indications in the record of any ongoing

mental health issues.

{¶14} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

ANITA LASTER MAYS, P.J., and
LARRY A. JONES, SR., J., CONCUR